**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1651
_____

JUDITH SCHAEFER-CONDULMARI,

Appellant

v.

US AIRWAYS GROUP LLC
d/b/a US Airways

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-09-cv-01146)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted under Third Circuit LAR 34.1(a)
on November 7, 2013

Before: GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 13, 2013)

_____

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

Judith Schaefer-Condulmari, who went into anaphylactic shock after eating a meal

provided to her on a flight operated by US Airways Group, LLC, appeals the jury's

verdict that she failed to establish by a preponderance of the evidence her claim under the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734. For the reasons that follow, we will affirm.

## I.     Background[1]

On September 8, 2008, Condulmari booked a US Airways flight from Philadelphia to Rome, Italy, for the following day. At trial, Condulmari testified that she requested a gluten-free meal, as she had done on eight previous flights, because of a wheat allergy. US Airways's booking records and flight manifest, however, indicated she requested a vegetarian meal. The booking system also indicated she had ordered a vegetarian meal on two previous flights. Condulmari further testified that, on the flight, she told the flight attendant that she had ordered a gluten-free meal and the flight attendant confirmed Condulmari's meal was gluten free. The flight attendant, however, testified that she told Condulmari that her meal was vegetarian.

The jury found for US Airways. Condulmari appealed.

## II.     Discussion[2]

We exercise plenary review of a court's denial of judgment as a matter of law. *Pitts v. Delaware*, 646 F.3d 151, 155 (3d Cir. 2011). We construe all evidence in the

---

[1]  Because we write primarily for the parties, we only note facts necessary to our analysis.

[2]  The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

light most favorable to the party that prevailed at trial, and draw all reasonable inferences in its favor, to determine whether a jury could reasonably have reached its verdict. *Id.*

Condulmari's sole argument is that, because the undisputed evidence shows she ordered a gluten-free meal on eight out of ten flights, the jury unreasonably concluded that a preponderance of the evidence showed that she did not order such a meal for her eleventh flight. Her argument is meritless: the jury heard evidence that Condulmari ordered a vegetarian meal for her September 9 flight, had ordered such a meal twice before, and was told on the flight that her meal was vegetarian. It was reasonable for the jury to conclude based on this evidence that US Airways had not "served her a different meal than she ordered or misstated the type of meal she was served." Therefore, we will not disturb the jury's verdict. *See, e.g.*, *Pitts*, 646 F.3d at 158-59.[3]

## III.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3]  We need not decide whether Condulmari waived her right to appeal this issue.